ORIGINAL

FILED
07 JUN 13 AM 11:58

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5

6  Attorneys for Plaintiffs,
   CAPITOL RECORDS, INC.;
7  INTERSCOPE RECORDS; SONY BMG
   MUSIC ENTERTAINMENT; VIRGIN
8  RECORDS AMERICA, INC.; ARISTA
   RECORDS LLC; and UMG
9  RECORDINGS, INC.

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BZ

CAPITOL RECORDS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and UMG RECORDINGS, INC., a Delaware corporation,
                    Plaintiffs,

           v.

JOHN DOE,
                    Defendant.

CASE NO. C 07 3095

***EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

---

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#30406 v1

1    Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26
2 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum
3 of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.
4    In support thereof, Plaintiffs represent as follows:
5    Plaintiffs, record companies who own the copyrights in the most popular sound recordings in
6 the United States, seek leave of the Court to serve limited, immediate discovery on a third party
7 Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being
8 sued for direct copyright infringement.
9    As alleged in the complaint, the Defendant John Doe, without authorization, used an online
10 media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted
11 works to the public. Although Plaintiffs do not know the true names of Defendants John Doe,
12 Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to
13 Defendant on the date and time of Defendant's infringing activity.
14    Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify
15 Defendant's true name, current (and permanent) address and telephone number, e-mail address, and
16 Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify the
17 Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated
18 infringement.
19    Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule
20 26(f) conference where there are no known defendants with whom to confer.
21    WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
22 foregoing requested discovery immediately.

Dated: June 13, 2007    HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs

1

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#30406 v1